| | |
|---|---|
| **From:** | Tom Warnicke |
| **To:** | MIED_USDC_Help |
| **Cc:** | Tom Warnicke |
| **Subject:** | [sent to Julie] Thomas Warnicke, Esq. |
| **Date:** | Thursday, June 30, 2022 9:37:49 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | 36M3271-ECF 415 Order re Motion for Ju.PDF |
| | 36M6102-ECF 384 10-30-20 order.PDF |

**CAUTION - EXTERNAL:**

Dear attorney help:

I am sending this email to you because I'm not sure where else to turn and because I was directed to do so when I contacted the E.D. Michigan's Clerk of the Court via a telephone discussion.

Attached are two orders from a case I was co-counsel on in the Western District of Michigan, which directed that a copy of these orders be sent to every other federal court in which I am admitted to practice.

I have been licensed to practice in the Eastern District of Michigan since 1992/93, as well as the 6th Circuit Court of Appeals (Cincinnati, OH).

I kindly request that you provide with a directive on where I should send these two orders, as well as the method on which to do so (i.e. email, regular mail, certified mail, etc.). Since there is no ED of Michigan case number to attach it to, I don't believe that I can file it to a case.

I kindly request that you confirm receipt of this email and I look forward to any guidance you can provide. Thanks in advance.

**Very truly yours,**

THOMAS R. WARNICKE
**Law Office of Thomas R. Warnicke, PLLC**
**Buhl Building**
**535 Griswold Street, Suite 2632**
**Detroit, Michigan 48226**
Office: (248) 930-4411
Cell: (248) 410-3031
Fax: (248) 232-7832
tom@warnickelaw.com
www.WarnickeLawFirm.com

  

```
CONFIDENTIALITY NOTICE: This email and any attachments are for the exclusive
and confidential use of the intended recipient. If you are not the intended
recipient, please do not read, distribute or take action in reliance upon
this message. If you have received this in error, please notify us
immediately by return email and promptly delete this message and its
attachments from your computer system. We do not waive attorney-client or
work product privilege by the transmission of this message.

TAX ADVICE NOTICE: Tax advice, if any, contained in this e-mail does not
constitute a "reliance opinion" as defined in IRS Circular 230 and may not be
used to establish reasonable reliance on the opinion of counsel for the
purpose of avoiding the penalty imposed by Section 6662A of the Internal
Revenue Code. The firm provides reliance opinions only in formal opinion
letters containing the signature of a partner.
```

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

    Case No. 1:18-cv-1261

    HON. JANET T. NEFF

LOU ANNA K. SIMON, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

On June 9, 2020, the Magistrate Judge ordered Attorneys Andrew Paterson and Thomas Warnicke (collectively "the Attorneys") to pay $52,010 in sanctions to Defendants (ECF No. 326). After missing two payment deadlines, this Court held the Attorneys in civil contempt on October 30, 2020 (ECF No. 384). The contempt order stated that the Attorneys were jointly and severally liable for the total amount; required Attorney Warnicke to pay $7,500 per month until the full amount was collected; and imposed a $100 per day fine if Attorney Warnicke failed to make a timely payment (*id.* at PageID.6453). A year and a half later, the Attorneys still have not made any payments and remain in civil contempt.[1]

Pending before the Court is Defendants' Joint Motion for Entry of Judgment Against Attorneys Warnicke and Paterson and Entry of Order Suspending Them From Practice in This

---

[1] The Attorneys appealed the contempt order on the ground that they could not afford to pay. The Sixth Circuit affirmed. *Blackwell v. Simon*, No. 20-2171, 2021 WL 5822700, at *1 (6th Cir. Dec. 8, 2021). During the appeal, the Attorneys never moved to stay the contempt order and the daily fines continued to accrue. *See Wright & Miller*, 16A Fed. Prac. & Proc. Juris. § 3954 (4th ed.) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal.").

1

Court (ECF No. 390). The Attorneys have responded (ECF Nos. 395 & 397), Defendants replied (ECF No. 405), and the Attorneys filed supplemental briefs (ECF Nos. 407 & 408). For the reasons stated below, Defendants' Joint Motion is granted.

## I. LEGAL STANDARD

"Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378-79 (6th Cir. 2003) (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987)). "The power to shape the appropriate remedy for a finding of contempt lies squarely within the discretion of the district court." *Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 644-45 (6th Cir. 2015). "Contempt is a measure of last resort, not first resort." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 799-800 (6th Cir. 2017) (citing *Young v. United States*, 481 U.S. 787, 801 (1987)).

## II. DISCUSSION

There are two issues presented in Defendants' Joint Motion. First, whether the Court can convert the $52,010 in sanctions and the total amount of fines incurred to date into a money judgment to enable Defendants to begin the collection process. Second, whether the Court should suspend the Attorneys from practicing in this Court until they have purged themselves of contempt.

First, the Court finds that it has the authority to convert the sanctions award and the already accrued fines into a money judgment. *See F.T.C. v. Leshin*, 719 F.3d 1227 (11th Cir. 2013) (finding that because the court could have granted a money judgment as a remedy for the civil contempt, the district court could later convert the outstanding amount to a money judgment).

The Attorneys arguments to the contrary are not persuasive. Attorney Paterson argues that the Court has already rejected a similar request made by Defendants (ECF No. 407 at

2

PageID.6570). But Attorney Paterson's argument misconstrues the Court's prior ruling. In the October 30, 2020, Opinion and Order, the Court refused to authorize Defendants to immediately execute on the award pursuant to Federal Rules of Civil Procedure 64, 69(a), and 71 because Defendants failed to fully develop their argument (ECF No. 384 at PageID.6451-6452). The Court specifically noted that the motion was denied without prejudice "to renew[] at a later date, if necessary" (*id.* at PageID.6454). The Court is now satisfied that Defendants have developed their argument and that the Court may convert a sanction award to a money judgment. *See Agudas Chasidei Chabad of United States v. Russian Fed'n*, 128 F. Supp. 3d 242, 245 (D.D.C. 2015) (entering an interim money judgment).

Attorney Paterson also raises his inability to comply with the Court's orders because of his inability to pay. As this Court has previously stated, the burden is on the Attorneys to prove an inability to comply and it must be proven "'categorically and in detail.'" (ECF No. 384 at PageID.6450 quoting *Gary's Elec.,* 340 F.3d at 379). In the October 30, 2020, Opinion and Order, the Court found that the Attorneys had not "remotely satisfied this onus of proof, even though the evidence lies solely in their hands and has been repeatedly requested by Defendants" (*id.*). On appeal, the Sixth Circuit reiterated that "[a]t no point did either attorney provide any actual evidence of his financial status." *Simon*, 2021 WL 5822700, at *2 (6th Cir. Dec. 8, 2021). The Sixth Circuit explained that "perfunctory proclamations of inability" do not satisfy the burden and the Attorneys "had to 'com[e] forward with evidence.'" *Id.* (quoting *Gary's Elec.*, 340 F.3d at 379). Despite these clear statements, Attorney Paterson makes the same argument again—he alleges that he cannot comply with the contempt order but does not produce any evidence. Attorney Paterson asks the Court to order a creditor's examination, which, according to him, "will

3

clearly prove that [he] lacks the ability pay." (ECF No. 407 at PageID.6570.) The evidence is in Attorney Paterson's control. The Court is not responsible for producing the evidence.

Attorney Warnicke appears to concede that a money judgment is appropriate but contends that the Court must enter two money judgments because the sanctions award was bifurcated between two sets of Defendants (ECF No. 408 at PageID.6574). He also argues that he never appealed the "Original Order" in which the sanctions were imposed. He asks the Court to "exercise its discretion and allow [A]ttorney Warnicke leave to appeal (or permission/certification) to file an appeal to the Original Order of this Court and hold in abeyance or stay entry of a Judgment pending his right to appeal" (ECF No. 408 at PageID.6573). Attorney Warnicke cites no legal authority and does not develop this argument.

The second issue is whether the Court should suspend the Attorneys from practicing in this Court until they purge the contempt. As previously noted, this Court has the authority to suspend the Attorneys as a sanction for contempt of court (ECF No. 384 at PageID.6451 citing W.D. Mich. LGenR 2.3(e)). The Court recognizes that suspending an attorney is a severe punishment. Given the drastic professional repercussions for such a suspension, the Court is reluctant to do so. The Attorneys, however, continue to disobey multiple orders from this Court. The Court first attempted to coerce the Attorneys compliance through monetary sanctions. Daily fines of $100 have shown to be ineffective. Increasing the fine will likely have no impact. At this point, the Court finds that suspending the attorneys from practicing before this Court is the appropriate sanction until the Attorneys purge the contempt. The Court reminds the Attorneys that they have the ability to end their suspension. They have "the keys of [this] prison in [their] own pocket[s]. *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994) (internal quotations and citations omitted). As soon as the Attorneys purge the contempt, the suspension will be lifted.

4

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion for Entry of Judgment (ECF No. 390) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants shall file a proposed money judgment for this Court's review on or before **June 9, 2022**. The money judgment shall identify the total amount of money owed to the MSU Defendants and the Detective Defendants pursuant to the June 9, 2020, Memorandum Opinion and Order (ECF No. 326). The money judgment shall also separately list the total amount of fines accrued.

**IT IS FURTHER ORDERED** that the Court finds that the continued daily fines are futile; therefore, the $100 per day fines shall stop accruing effective immediately.

**IT IS FURTHER ORDERED** that Attorney Andrew Paterson and Attorney Thomas Warnicke are suspended from practicing in the District Court for the Western District of Michigan effective immediately. The Attorneys may purge the contempt by satisfying the entire money judgment. When the contempt order is purged, the Attorneys shall notify the Clerk of Court and the suspension shall be lifted.

**IT IS FURTHER ORDERED** that within 14 days this Order, the Attorneys shall send a copy of this Opinion and Order and a copy of the October 30, 2020, Opinion and Order (ECF No. 384) to:

1. The Michigan Attorney Grievance Commission;

2. The licensing authority of any other state in which either Attorney Paterson or Attorney Warnicke is licensed to practice law, and

3. The clerk of every other federal court in which either Attorney Paterson or Attorney Warnicke is admitted to practice.

**IT IS FURTHER ORDERED** that the Clerk's Office shall ensure that a copy of this order is sent to Attorneys Paterson and Warnicke.

Dated: May 26, 2022

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS E. BLACKWELL, II,

    Plaintiff,

v.

                                                        Case No. 1:18-cv-1261

LOU ANNA K. SIMON, et al.,
                                                        HON. JANET T. NEFF

    Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on Attorney Warnicke's Motion for Partial Relief (ECF No. 351) from the Court's July 29, 2020 Memorandum Opinion and Order (ECF No. 347). Defendants filed a Joint Renewed Motion to Hold Attorneys in Contempt, to Enforce Sanctions, and Response to Motion for Partial Relief (ECF No. 354). Attorneys Warnicke and Paterson filed Responses to Defendants' motion (ECF Nos. 364 & 365). For the reasons that follow, the Court denies Attorney Warnicke's motion and grants in part and denies without prejudice in part Defendants' motion.

    **I.**        **BACKGROUND**

Plaintiff filed this § 1983 case in November 2018, alleging violations of his Fourth and Fifth Amendment rights arising from his arrest on February 8, 2017 (ECF No. 1). Specifically, Plaintiff alleges that Defendants Chad Davis and Sam Miller ("the Detective Defendants") arrested him without probable cause in violation of his Fourth Amendment rights (Count I), and Plaintiff alleges that Defendants Lou Anna K. Simon, Mark Dantonio and Mark Hollis ("the MSU Defendants") violated his Fifth Amendment rights by declining to renew his employment agreement in retaliation for his exercise of his right to remain silent and to decline to be questioned by the Michigan State University (MSU) Police Department or MSU's investigators (Count II).

Defendants answered Plaintiff's Complaint in January 2019, the same month in which Thomas Warnicke began representing Plaintiff. Following the issuance of a Case Management Order in April 2019, the parties subsequently engaged in discovery. Attorney Andrew A. Paterson, Jr. added his appearance on Plaintiff's behalf in September 2019.

On March 3, 2020, the Magistrate Judge issued a combined Report and Recommendation; Order; Referral (ECF No. 234), detailing the factual background and the rationale for her recommendations, Orders, and the matter of referring Attorney Paterson for discipline. In pertinent part, under her authority under 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge ordered monetary sanctions for fees and costs as a sanction pursuant to 28 U.S.C. § 1927 for Plaintiff's counsel's misconduct for the reasons discussed in the Report and Recommendation (ECF No. 234 at PageID.3021). The Magistrate Judge specifically found that Attorneys Warnicke and Paterson were jointly responsible for their frivolous pleadings, observing that Plaintiff's modus operandi in this case seemed to be "Attorney Paterson signs the ethically problematic filings, and Attorney Warnicke and Plaintiff Blackwell avert their eyes and reap the benefits" (*id.* at PageID.3008-3009). This Court subsequently denied Plaintiff's Objections and Appeals (ECF No. 262) and adopted the Report and Recommendation as the Opinion of the Court (Op. & Order, ECF No. 314).

The Magistrate Judge had ordered the MSU Defendants to submit an affidavit in support of their request for $25,000 in fees and costs as a sanction for Plaintiff's counsel's misconduct (ECF No. 234 at PageID.3021). Rather than filing only an affidavit supporting their previous request, the MSU Defendants prepared and filed a lengthy petition requesting a much larger fee award—in excess of $214,000 (ECF No. 245 at PageID.3086).

On June 9, 2020, the Magistrate Judge issued a Memorandum Opinion and Order (ECF No. 326). The Magistrate Judge declined to revisit the issue of whether sanctions should be ordered in the first place (*id.* at PageID.4836). As to the amount of the MSU Defendants' fee

request, the Magistrate Judge decided that given the dismissal of Plaintiff's claims against the MSU Defendants and removal of counsel, a higher monetary sanction was not "in the interests of justice or necessary for future deterrence" (*id.*). Rather, the Magistrate Judge concluded that when coupled with the non-monetary sanctions awarded, the MSU Defendants' original request for an award of $25,000 was an appropriate sanction (*id.* at PageID.4837).

The Magistrate Judge determined that an award of $17,010 to the Detective Defendants was appropriate for their expenses, including attorneys' fees, pursuant to FED. R. CIV. P. 37(a)(5) and 26(c)(3), to respond to two particular motions (*id.* at PageID.4838). The Magistrate Judge also reviewed counsel's affidavit with regard to the Detective Defendants' request for $20,186, plus additional fees, as monetary sanctions related to Plaintiff's counsel's misconduct (*id.* at PageID.4839). Noting that the Court had already imposed a sanction in the removal of counsel as well as the monetary sanctions, the Magistrate Judge decided that Plaintiff's counsel should instead pay $10,000, for a total of $27,010 to the Detective Defendants (*id.*). The Magistrate Judge ordered Attorneys Paterson and Warnicke to remit payment within 30 days (*id.*).

Instead, on June 23, 2020, Attorneys Warnicke and Paterson filed an appeal (ECF No. 331) Defendants filed their responses in opposition to the appeal (ECF Nos. 332 & 333). On July 14, 2020, the MSU Defendants also filed a Motion to Hold Warnicke and Paterson in Contempt of Court and to Enforce the Attorney Fee Sanctions (ECF No. 335), which Warnicke and Paterson opposed (ECF Nos. 344 & 346).

On July 29, 2020, this Court denied the appeal and ordered that "Andrew Paterson and Thomas Warnicke SHALL, not later than August 12, 2020, remit payment of $25,000 to the MSU Defendants and $27,010 to the Detective Defendants" (Memo. Op. & Order, ECF No. 347). The Court denied the MSU Defendants' Motion to Hold Warnicke and Paterson in Contempt of Court without prejudice to re-filing, if necessary (*id.*). The record does not indicate that the obligation

3

to pay the $52,010 sanction has been satisfied.[1]

On July 30, 2020, in response to the Magistrate Judge's referral, Chief Judge Jonker issued an Administrative Order, reasoning that case-specific sanctions were "the best way of vindicating the disciplinary interests involved when the wrongful conduct involves the particulars of the individual case" and concluding that consideration of possible additional sanctions, such as suspension or disbarment from the bar of this Court, was not warranted at this time. A.O. No. 20-AD-053.

On August 12, 2020, Attorney Warnicke filed the "motion for partial relief" at bar, to which Defendants jointly responded and renewed their motion for this Court to hold both attorneys in contempt and to enforce the attorney fee sanctions.

## II. ANALYSIS

### A. Attorney Warnicke's Motion for Partial Relief

Attorney Warnicke references no rule on which his motion for partial relief is based, but relief from a court order is governed by Federal Rule of Civil Procedure 60, which provides in pertinent part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a[n] … order … for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; … or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Attorney Warnicke's motion implicates subsection (b)(1) ("mistake") inasmuch as he argues that he is entitled to relief from the

---

[1] Attorney Paterson was also separately sanctioned to pay the MSU Defendants $2,000 (ECF No. 327). It is not disputed that Paterson has paid that amount (ECF No. 354 at PageID.4978, n.1; ECF No. 356 at PageID.5062, n.2).

Court's July 29, 2020 Order based on this Court's failure to consider his "inability to satisfy this Court's order regarding the payment of sanctions/attorney fees" (ECF No. 351 at PageID.4970). This Court's local rules also permit a party to seek reconsideration based on a "palpable defect by which the court and the parties have been misled," the correction of which would result in a different disposition of the case. *See* W.D. Mich. LCivR 7.4(a).

Relying on *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624 (6th Cir. 2009), Attorney Warnicke asserts that "[i]t has been well-settled in the 6th Circuit that a party and/or their attorney's inability to pay a sanction award is to be considered by the Court" (ECF No. 351 at PageID.4969). According to Warnicke, this Court should "bifurcate the amount due and owing from Attorney Warnicke and Attorney Paterson to a fair and reasonable amount for each of them based upon their respective circumstances" (*id.* at PageID.4970-4971). To that end, Attorney Warnicke recommends that this Court enter an order for any of the following relief: "(a) imposition of a reasonable payment plan for Warnicke; (b) to allow Warnicke to present oral argument to this Court regarding his inability to comply with this Court's order that the full amount of the sanctions be paid by August 12, 2020; or (c) to direct this matter to a special master/mediator to review Warnicke's ability/inability to comply with the Court's order in full and/or to make a determination as Warnicke's ability/inability to pay such sanctions" (*id.* at PageID.4967-4968). Attorney Paterson similarly emphasizes his "past and present" inability to pay and requests that the Court order the parties to "negotiate a reasonable and affordable monthly payment plan" (ECF No. 365 at PageID.5064-5065).

Defendants assert that contrary to Warnicke's argument, it is not "well settled" that an attorney's inability to pay should be considered by a court in determining the amount of a sanction under 28 U.S.C. § 1927; indeed, Defendants point out that at least two circuit courts have held that a purported inability to pay is *not* a proper factor to consider in awarding sanctions under § 1927

5

for a lawyer's misconduct (ECF No. 354 at PageID.4986-4987, citing *Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009) ("A violation of § 1927 is a form of intentional tort. And there is no principle in tort law that damages depend on a tortfeasor's assets."); *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1206 (10th Cir. 2008) (rejecting the appellant's argument that the district court's sanction award improperly failed to consider the attorney's ability to pay)).

Attorney Warnicke's motion is properly denied.

Section 1927 provides that attorneys "who so multipl[y] the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The purpose of § 1927 is "to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios, Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Such was the stated goal of the Magistrate Judge's June 9, 2020 Order imposing monetary sanctions against them (ECF No. 326) and this Court's July 29, 2020 Order denying their appeal and reiterating the financial obligation (ECF No. 347).

Attorney Warnicke has not identified a "mistake" or "palpable defect" in this Court's July 29, 2020 Order. First, as a threshold matter, Attorneys Warnicke and Paterson did not raise an inability-to-pay defense or challenge the joint-and-several nature of the award in their appeal to this Court. They made four specific arguments, wholly failing to raise either topic on which Attorney Warnicke now claims relief is warranted. The Court determines that both arguments are waived. Both the amount of the award and the joint-and-several nature of the award are set.

Additionally, even if the arguments were not waived, Attorney Warnicke's reliance on the Sixth Circuit's decision in *Garner* is misplaced and does not reveal any error by the Court. The question of sanctions under 28 U.S.C. § 1927 was not before the Sixth Circuit in *Garner*, given

6

that "the appellants never mentioned § 1927 in their briefs." *Garner*, 554 F.3d at 645. Rather, the Sixth Circuit in *Garner* reversed an attorney fee award under 42 U.S.C. § 1988 and merely instructed the trial court on remand to "consider any proof that [the attorney] may wish to present regarding her inability to pay." *Id.* at 646.[2]

In short, Attorney Warnicke's argument does not demonstrate that he is entitled to the requested partial relief from this Court's July 29, 2020 Order.

B.  **Defendants' Motion for Contempt and to Enforce Attorney Fee Sanctions**

"Civil ... contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). *See also Collins v. Barry*, 841 F.2d 1297, 1300 (6th Cir. 1988) ("[C]ivil contempt seeks to remedy a deprivation or a loss."). "A decision on a contempt petition is within the sound discretion of the trial court." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

A party seeking civil contempt must prove, by clear and convincing evidence, that the allegedly contumacious party violated a prior order of the court. *See also United States v. Conces*, 507 F.3d 1028, 1041-42 (6th Cir. 2007). The order must be "definite and specific," with any ambiguities resolved in favor of the person charged with contempt. *Grace v. Ctr. for Auto Safety*,

---

[2] The Sixth Circuit has apparently not yet directly addressed whether, or to what extent, a district court should consider an attorney's ability to pay when it imposes a sanction award pursuant to 28 U.S.C. § 1927. Nor is the issue apparently settled among the circuits. While Defendants correctly point out that the Seventh and Tenth Circuits have decided that an attorney's inability to pay is not a proper factor for a trial court to consider in awarding sanctions under § 1927 for a lawyer's misconduct, other circuits have held that a trial court retains discretion to consider an offending attorney's ability to pay a sanctions award under § 1927. *See Haynes v. City & Cty. of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012) (reasoning that "nothing in the statute" would preclude a district court from imposing an award fashioned "in light of the sanctioned attorney's ability to pay"); *Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986) ("[I]t lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay[.]").

7

72 F.3d 1236, 1241 (6th Cir. 1996). The moving party does not have to show that the violation is willful; contempt occurs whenever a party fails to comply with an order of the court, whether that failure is intentional or not. *McComb*, 336 U.S. at 191. Once the movant shows that the non-moving party has violated a court order, "the onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017). *See also United States v. Rylander*, 460 U.S. 752, 757 (1983); *Conces*, 507 F.3d at 1043.

Both the Magistrate Judge's June 9, 2020 Order (ECF No. 326) and this Court's July 29, 2020 Order (ECF No. 347) were definite and specific in their requirement for timely payment of the sanction. Defendants have satisfied their burden of showing that Attorneys Warnicke and Paterson, by failing to remit the $52,010 sanction to date, have violated the Court's Orders.

Attorneys Warnicke and Paterson, in turn, have not submitted any evidence of an inability to comply with the Court's Orders. Both attorneys generally profess an inability to pay, and Attorney Paterson submitted a Declaration to that effect (ECF No. 350), but they are "obliged to make this showing 'categorically *and* in detail.'" *Gary's Elec.*, 340 F.3d at 379 (emphasis added). In *Gascho*, the Sixth Circuit instructed that "to show impossibility, [the allegedly contumacious party] has the burden to demonstrate that (1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took 'all reasonable steps' to comply." 875 F.3d at 802 (quoting *Gary's Elec.*, 340 F.3d at 381-83). Attorneys Warnicke and Paterson have not remotely satisfied this onus of proof, even though the evidence lies solely in their hands and has been repeatedly requested by Defendants. Consequently, the Court, in its discretion, finds Attorneys Warnicke and Paterson are in civil contempt.

"The power to shape the appropriate remedy for a finding of contempt lies squarely within the discretion of the district court." *Paterek v. Vill. of Armada, Michigan*, 801 F.3d 630, 644-45

8

(6th Cir. 2015) (citing *Gary's Elec.*, 340 F.3d at 382). *See also Conces*, 507 F.3d at 1043 ("The district court has inherent authority to fashion the remedy for contumacious conduct.") (citation omitted).

"The paradigmatic coercive, civil contempt sanction … involves confining a contemnor indefinitely until he complies with an affirmative command." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994); *see also Conces*, 507 F.3d at 1041-44. This Court's local rules also explicitly permit limitations on attorney practice under the contempt power, permitting disbarment from the Court "as a sanction for contempt of court" under specified procedures, but otherwise not "limit[ing] the court's power to punish contempt." W.D. Mich. LGenR 2.3(e). The Court declines, at this time, to incarcerate or suspend either attorney from practicing within the Western District of Michigan.

The Supreme Court has observed that per diem fines also "exert a constant coercive pressure." *Int'l Union*, 512 U.S. at 829. *See, e.g., Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 712 (7th Cir. 2014) (assessing a daily fine after a joint-and-several obligation for fees and costs under § 1927 was not paid, "in case payment was not forthcoming"). Defendants indicate that they "would not object to a modification of the Court's order requiring (a) Warnicke to pay $7,500 per month until the full $52,010, plus the costs and fees incurred in filing this motion, has been collected; and (b) providing that, if Warnicke fails to make a timely payment, that immediate sanctions of $100 per day, retroactive to the date of the August 12, 2020 payment deadline, will be added to the total joint-and-several award" (ECF No. 354 at PageID.4988-4989).[3] Defendants opine that Attorney Warnicke "can take appropriate steps against Paterson on his own time" for

---

[3] Defendants have agreed to allow MSU to apply the sanctions award to amounts incurred as a result of its obligation to indemnify Defendants in this matter (*id.* at PageID.4980 n.2).

9

contribution to their joint-and-several debt and that "Defendants should not be deprived of their ability to recover fully from Warnicke if that is their only option" (*id.* at PageID.4988).

The Court determines that Defendants' proposal is likely to achieve compliance with this Court's Orders, without creating additional rights. Because Attorneys Warnicke and Paterson are jointly and severally liable for the $52,010 obligation, each is individually responsible for the entire obligation, not a pro rata share. The Court further finds that the conditional fine is adequate to exert a "coercive pressure" to purge the contempt. The Court declines to include Defendants' costs and fees incurred in filing this motion.

Last, the Court notes that Defendants indicate that this Court could, in the alternative, authorize Defendants to immediately execute on the award, pursuant to Federal Rules of Civil Procedure 64, 69(a), and 71 (ECF No. 354 at PageID.4985, 4989). The Federal Rules of Civil Procedure contemplate a district court's issuance of an order granting relief against a nonparty. *Avant Capital Partners, LLC v. Strathmore Dev. Co. Michigan, LLC*, 703 F. App'x 362, 373 (6th Cir. 2017). Specifically, Federal Rule of Civil Procedure 71 provides that when "an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." Appellate courts have held that while Rule 71 is not an independent basis upon which to impose sanctions, "[i]t seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action." *Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1304 (9th Cir. 1990) (quoting *Lasky v. Quinlan*, 558 F.2d 1133, 1137 (2d Cir. 1977)).

However, other than obliquely referencing Rules 64 and 69 (ECF No. 354 at PageID.4985; ECF No. 335 at PageID.4878), Defendants have not provided the Court with any developed argument that the tools available under these rules are properly available to them to collect the

10

sanctions award against Attorneys Warnicke and Paterson. Rule 64 states that "all remedies providing for seizure of person or property for the purpose of securing satisfaction *of the judgment ultimately to be entered in the action* are available under the circumstances and in the manner provided by the law of the state in which the district court is held." FED. R. CIV. P. 64 (emphasis added). Similarly, Rule 69 sets forth the applicable procedure for execution on a "money judgment." FED. R. CIV. P. 69(a)(1).

Defendants have not set forth how these rules apply to the matter at hand. Indeed, Defendants indicated in a prior filing that "a court order to pay money is not the equivalent of a money judgment enforceable exclusively through garnishment, attachment, and the like" (ECF No. 335 at PageID.4875). *See also Gary's Electric*, 340 F.3d at 385 (expressly endorsing the use of contempt proceedings); *Gascho*, 875 F.3d at 802 (finding "foreclosed" the argument that a writ of execution, rather than contempt proceedings, is the proper vehicle for enforcing a monetary award). Based upon the current submissions, the Court declines Defendants' request to authorize remedies under Rules 64 and 69. The Court instead trusts that the contempt proceeding is the proper means for accomplishing enforcement, an end that has been too long delayed in this case.

Therefore:

**IT IS HEREBY ORDERED** that Attorney Warnicke's Motion for Partial Relief (ECF No. 351) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Joint Renewed Motion to Hold Attorneys in Contempt and to Enforce Sanctions (ECF No. 354) is GRANTED to the extent that

- Attorneys Warnicke and Paterson are ADJUDGED to be in contempt for failing to comply with the Orders of this Court (ECF Nos. 326 & 347); and

- Attorney Warnicke shall pay $7,500 on the 1st of each month, beginning on December 1, 2020, until the full $52,010 has been collected; and providing that, if Warnicke fails to make a timely payment, then immediate sanctions

11

of $100 per day, retroactive to the date of the August 12, 2020 payment deadline, will be added to the total joint-and-several award.

Defendants' motion is otherwise DENIED WITHOUT PREJUDICE to renewing at a later date, if necessary.

Dated: October 30, 2020  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge