UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE THOMAS WARNICKE (P47148)            Misc. Case No. 22-51135

_____/

**OPINION & ORDER
DENYING APPLICATION TO MODIFY OR VACATE DISCIPLINE**

This Miscellaneous Case was opened after attorney Thomas Warnicke (P47148) ("Warnicke") was suspended from the United States District Court for the Western District of Michigan Bar from the practice of law until such time as the money judgment is paid in full in Case No. 18-CV-01261, effective May 26, 2022.  On July 11, 2022 an "Order Of Suspension" was issued in this case, suspending Warnicke from the practice of law before the United States District Court and the United States Bankruptcy Court for the Eastern District of Michigan, pursuant to E.D. Mich. LR 83.22.  (*See* ECF No. 2).  The matter is currently before the undersigned Chief Judge on Warnicke's Application to Modify or Vacate Discipline.  (ECF No. 6).  The Court concludes that a hearing is not necessary and shall issue a ruling based upon the briefs.  For the reasons set forth below, the Court DENIES the Application.

**BACKGROUND**

This Miscellaneous Case was opened after attorney Warnicke was suspended from the United States District Court for the Western District of Michigan Bar from the practice of law until such time as the money judgment is paid in full in Case No. 18-CV-01261, effective May 26, 2022.

In that case, Warnicke and his co-counsel, attorney Andrew Paterson, represented Curtis

Blackwell in a lawsuit against several Michigan State University officials ("MSU"). The district court found that "the duo repeatedly abused the judicial process," removed "Paterson and Warnicke as counsel," and ultimately ordered them "to pay MSU for the costs and fees it incurred because of the wrongdoing; $52,010, due within 30 days." *Blackwell v. Simon,* 2021 WL 5822700 at *1 (6th Cir. Dec. 8, 2021). After they failed to do so, the district court held Warnicke and Paterson in contempt. Both attorneys appealed the contempt order, on the ground that they could not afford to pay the fee sanction. The Sixth Circuit affirmed the district court's the district court's order, agreeing with the district court that "that Paterson and Warnicke did not 'remotely satisf[y] their burden to show inability to pay." *Id*. As Warnicke acknowledges, the "Sixth Circuit's order confirms that Warnicke cannot practice law in the Western District until he satisfies the $52,101 judgment." (ECF No. 6 at 1).

This Court imposed reciprocal discipline on July 11, 2022. Thus, Warnicke is currently suspended from practicing law in this district.

On August 8, 2020, Warnicke filed an Application to Modify or Vacate Discipline. (ECF No. 6).

**ANALYSIS**

Warnicke's application is based upon Local Rule 83.22(g)(2), that allows a court to modify or vacate a reciprocal order of discipline under very narrow circumstances – where it "clearly appears" that: 1) "the procedure in the other jurisdiction constituted a deprivation of due process;" or 2) "there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not accept as final the conclusion on that subject;" or 3) "imposing the same discipline in this court would result in grave injustice;" or 4) "the misconduct warrants substantially different discipline." The rule provides that if the chief judge

2

"determines that any of these grounds exist," the court "shall order other appropriate discipline or no discipline."  Local Rule 83.22(g)((2)(B).

Here, Warnicke's application relies exclusively on the fourth condition – when "the misconduct warrants substantially different discipline."  Local Rule 83.22(g)(2)(B)(iv).  But Warnicke has not convinced this Court that his misconduct warrants substantially different discipline.  Rather, his application simply explained that he was in the process of negotiating an agreement with Defendants regarding the sanctions.  His supplemental brief then states that the settlement "has since been finalized and Warnicke's suspension from practicing law in the Western District of Michigan was lifted on August 12, 2022 and he was readmitted to the practice of law in that court forthwith."  (ECF No. 7).

This Court does not believe that Warnicke has established that his misconduct warrants substantially different discipline under the circumstances presented here.  Thus, this Court declines to modify or vacate the order of discipline.  Warnicke, however, remains free to seek reinstatement from a three-judge panel under Local Rule 83.22(i).

## CONCLUSION & ORDER

Accordingly,  **IT IS ORDERED** that Warnicke's Application to Modify or Vacate Discipline is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
Chief Judge
United States District Court for the Eastern District of Michigan

Dated:  September 12, 2022

3