# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**In Re Thomas Warnicke (P47148)**      Misc. No. 22-51135
                                                                                       Hon. Denise Page Hood
                                                                                        Hon. Mark A. Goldsmith
                                                                                        Hon. Laurie J. Michelson

---

## PETITIONER'S REPLY TO GRIEVANCE ADMINISTRATOR'S REINSTATEMENT REPORT

Attorney Thomas Warnicke, through his attorneys Collins Einhorn Farrell PC, and for his reply to the Grievance Administrator's Reinstatement Report,[1] states as follows:

### Introduction

Attorney Thomas Warnicke has been suspended from practicing law in the Eastern District of Michigan since July 11, 2022 (ECF No. 2, PageID.21).

---

[1] While there is no mechanism within the Local Rules expressly providing for a reply to the Grievance Administrator's Report, there is no rule prohibiting a reply, either. Counsel for petitioner and for the Grievance Administrator conferred regarding this reply, and the Grievance Administrator does not object to its filing. See **Tab A**, Email correspondence with Court and counsel regarding filing of reply.

His suspension in this Court is reciprocal under LR 83.22, arising from a suspension in the Western District of Michigan. That initial suspension emanated from that court's sanction/contempt power, rather than the formal discipline process,[2] and was conditioned on Warnicke paying a monetary sanction.

His suspension in the Western District of Michigan was lifted on August 12, 2022 and he was readmitted to practice in that jurisdiction. (See discussion in ECF 7, Page.ID 78). Warnicke has fully satisfied his payment obligations as required in the August 12 order. **Tab B,** Satisfaction of Judgment.

Warnicke filed an Application to Modify or Vacate Discipline under L.R. 83.22(g)(2) on August 8, 2022 (ECF No. 6). The Court denied Warnicke's

---

[2] See discussion in Warnicke's Application for Modification, ECF No. 6, PageID.70, FN 2: "As written, Local Rule 83.22 includes the Western District's order suspending Warnicke. But Warnicke submits that the rule is too broad for constitutional purposes. Disciplinary proceedings are quasi-criminal in nature. *In re Ruffalo,* 390 U.S. 544, 551 (1968). To protect attorneys' due process rights, the Court should impose reciprocal discipline only when the original proceeding follows the usual disciplinary procedure: a complaint, answer, and evidentiary hearing. Given the preservation issues noted in the Sixth Circuit Court of Appeals' opinion, however, Warnicke is not raising a constitutional challenge here."

application on September 12, 2022 (ECF No. 10). Warnicke then applied for reinstatement by submitting an affidavit under L.R. 83.22(i) on October 18, 2022 (ECF No. 11). Chief Judge Cox assigned the petition to this panel for hearing (ECF No. 12, PageID.172). Chief Judge Cox also appointed the Grievance Administrator to serve as "of counsel" in this matter and requiring the Grievance Administrator to file a report regarding the petitioner's request for reinstatement ("the Report").

In its Report, the Grievance Administrator acknowledges that Warnicke complied with the Western District of Michigan's Order of Discipline (L.R. 83.22(i)(2)(A)) and has not practiced law in violation of any order of discipline (L.R. 83.22(i)(2)(B)). As for, L.R. 83.22(i)(2)(C), regarding whether Warnicke has "engaged in any other professional misconduct *since* disbarment or suspension" (emphasis added), the Grievance Administrator cites a Formal Complaint filed with Michigan's Attorney Discipline Board on November 7, 2022 (after Warnicke filed this petition). Yet, as discussed in more detail below, the issues in the Formal Complaint pre-date Warnicke's

3

suspension in this Court. Warnicke answered the Formal Complaint on December 9, 2022.

Nevertheless, the Grievance Administrator has requested an indefinite stay of this proceeding based solely on the "unresolved nature of the pending disciplinary complaint with the Attorney Discipline Board of the State Bar of Michigan." (Report, p. 6). But the separate disciplinary complaint did not trigger this reciprocal discipline process—that was the Western District's order, which has now been satisfied.

In essence, the Grievance Administrator is requesting that the Court abstain from enforcing its own Local Rules and disciplinary processes, preventing Warnicke from having his day in court, simply because there is a separate complaint pending at the state level. Warnicke objects to the Grievance Administrator's request for a stay and ask that the Court continue its normal process under L.R. 83.22 for the reasons set forth in this brief.

## Analysis

**A. Warnicke's due process rights would be violated if a stay is granted.**

Warnicke's suspension from the Western District of Michigan lasted 78 days. Yet he has been suspended from practicing in this Court on a reciprocal basis for more than 150 days already, and counting. The Grievance Administrator proposes to stretch this out indefinitely.

L.R. 83.22(i)(4) provides:

> If the attorney seeking reinstatement has met the burden of proof in subsections (2)(A)-(D), and unless the Court finds such irregularities in the proceedings conducted in the other jurisdictions so as to undermine confidence in the result, or finds that there are compelling reasons for not reinstating the attorney, the application will be granted.

Here, the Grievance Administrator does not contest that Warnicke can meet the standards under L.R. 83.22(i)(2)(A)-(B). And the Grievance Administrator's reliance on pre-suspension conduct to, apparently, question whether Warnicke engaged in *post-suspension* misconduct for purposes of L.R. 83.22(i)(2)(C) is misplaced. The allegations in the Formal Complaint relate to Warnicke's involvement in the underlying case in the Western

5

District of Michigan (Case No. 18-cv-01261). By definition, the allegations in the Formal Complaint relate to conduct that occurred before Warnicke was suspended in this Court in July 2022. Thus, there is no basis to assert that the allegations in the Formal Complaint have any bearing for purposes of L.R. 83.22(i)(2)(C), which relates to "other professional misconduct *since* the disbarment or suspension" in this Court. Nor is there a claim of irregular proceedings in the Western District of Michigan.

    All that is left is whether Warnicke:

a) "[H]as the moral qualifications, competency and learning in the law required for admission to practice before this court, and that his . . .resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest." L.R. 83.22(i)(2)(D); and

b) If Warnicke has met his burden of proof in subsections (2)(A)-(D), whether there are "compelling reasons for not reinstating" Warnicke. L.R. 83.22(i)(4).

In essence, the Grievance Administrator's position that Warnicke's suspension should be continued must be that the mere existence of the Formal Complaint, with its unproven allegations, is in and of itself a "compelling reason" not to reinstate Warnicke under L.R. 83.22(i)(4), or that it renders it impossible for Warnicke to prove that he meets the standards L.R. 83.22(i)(2)(D) at this time. Neither argument is tenable.

The law is clear that state disciplinary action does not control or override the federal court disciplinary process. "[D]isbarment by the State does not result in automatic disbarment by the federal court. Though that state action is entitled to respect, it is not conclusively binding on the federal courts." *In re Ruffalo*, 390 U.S. 544, 548, 88 S Ct. 1222 (1968). An attorney is entitled to procedural due process in disciplinary proceedings. *Id*., at 551. See also *In re Culpepper*, 770 F. Supp. 366 (holding that the Eastern District of Michigan is not bound by the determination of the state disciplinary authorities). For example, in *Culpepper*, this Court determined that an attorney's reinstatement in Michigan state courts does not require automatic reinstatement in this Court. *Id*.

In sum, the filing of the Formal Complaint should not hinder the Court from implementing its own review of the L.R. 83.22(i) factors now in this case. There is enough information available at this time to make a determination, or schedule an evidentiary hearing if the Court believes there are disputed facts. (L.R. 83.22(i)(3)).[3] Certainly, a federal court would generally abstain from stopping a state disciplinary proceeding after it has begun under the *Younger* abstention doctrine. Conversely, the existence of a separate (and technically unrelated) state disciplinary complaint should not stop this Court's reinstatement process from moving forward after it has begun.[4]

Secondarily, the Grievance Administrator's position also equates to a theory that the filing of a Formal Complaint in state court merits an automatic suspension in this Court. Yet the filing of a formal complaint with

---

[3] Warnicke suggests that there are no disputed facts regarding his ability to practice in this Court, as the Grievance Administrator has raised only the fact that there exists a pending disciplinary complaint. Warnicke denies the allegations in the complaint. However, in the event discipline results, Warnicke would be subject to separate reciprocal discipline under L.R. 83.22(g)(1). But that issue isn't ripe now, nor should the Grievance Administrator be able to shortcut that process.

[4] Noting that the Formal Complaint was filed *after* Warnicke began this reinstatement process.

Michigan's Attorney Discipline Board does not result in the respondent-attorney being automatically suspended even in state court. Michigan's Court Rules provide two scenarios in which an attorney may be automatically suspended: 1) conviction of a felony (M.C.R. 9.120(B)), and 2) nonpayment of bar dues (M.C.R. 9.128(D)). An attorney is not automatically suspended on the filing of a Formal Complaint. Certainly, Warnicke is still eligible to practice in Michigan state courts. There is no basis to continue his suspension in this Court merely because a Formal Complaint was filed.

**B. Continuing Warnicke's suspension indefinitely is also inequitable.**

Warnicke regularly practices in the Eastern District of Michigan. Continuing the suspension indefinitely would create a hardship that is inconsistent with the discipline entered in the other jurisdiction.

"The intent of the Local Rule [83.22] is that the reciprocal discipline imposed by this Court be identical to the discipline imposed in the other jurisdiction." *In re Thav*, 852 F. Supp. 2d 857, 859 (E.D. Mich. 2012). The reciprocal discipline at issue here is the conditional suspension from the

9

Western District of Michigan—not the pending Formal Complaint. And Warnicke has already been suspended in this Court significantly longer than he was suspended in the Western District of Michigan.

As discussed above, Warnicke's suspension in the Western District arose from the court's contempt power, not the formal discipline process, and was conditioned on the payment of the money judgment. Warnicke was not even referred for formal discipline in that court (ECF No. 6 Page.ID 64), so there was no findings of misconduct. Thus, continuing Warnicke's suspension indefinitely would result in an outcome that is inconsistent with the intent of L.R. 83.22.

## Conclusion

Granting the Grievance Administrator's request in their Report for an indefinite stay of Warnicke's suspension pending the adjudication of the state disciplinary action would deprive Warnicke of his ability to practice law in this Court, significantly impacting his livelihood, and inhibiting the

due process afforded to him in these proceedings. The result would also be inconsistent with the intent of L.R. 83.22.

Respectfully submitted,
COLLINS EINHORN FARRELL PC

By: /s/ Donald D. Campbell
Donald D. Campbell (P43088)
Counsel for Thomas R. Warnicke
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: December 16, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on *December 16, 2022*, I electronically filed the *PETITIONER'S REPLY TO GRIEVANCE ADMINISTRATOR'S REINSTATEMENT REPORT* with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the US Mail.

By: /s/ Donald D. Campbell
Donald D. Campbell (P43088)
Counsel for Thomas R. Warnicke

11